LOTTINGER, Chief Judge.
This case arises out of an contract to provide employment services. The plaintiff in this matter, Angel Employment Service, Inc., contracted with defendant, Joseph S. Bonfanti, to provide assistance in securing employment. Angel also contends that a contract was consummated between itself and Power Tool Repair Service, Inc. After a bench trial, the judge granted the defendants’ motion for involuntary dismissal under La.Code Civ.P. art. 1672. It is from this ruling that plaintiff appeals.
FACTS
On February 5, 1990, Joseph S. Bonfanti entered into a contract with Angel Employment whereby Mr. Bonfanti agreed to pay Angel Employment a fee if Angel was successful in securing Mr. Bonfanti employment. The fee was to be based on the salary earned in the first year.
Prior to entering into the contract with Mr. Bonfanti, Angel had discussions with co-defendant Power Tools regarding a sales position Power Tools was seeking to fill. According to the testimony at trial, the manager of Power Tools agreed to pay the employment fee if the right person for the job was found, yet the records of Angel Employment indicate that the payment of the fee was subject to negotiation. Mr. Bonfanti was hired by Power Tool, and Angel seeks to collect its employment fee from either party.
The trial court granted the defendants’ joint motion for involuntary dismissal. The lower court found that Angel failed to prove that a written contract approved by the assistant secretary of labor had been entered into, and that Angel failed to introduce any evidence that Power Tools agreed to pay the employment fee.
ASSIGNMENT OF ERROR
The single assignment of error in this case is that the trial court erred in refusing to admit the written contract between Joseph Bonfanti and Angel Employment into the record.
DISCUSSION
The trial court held that the employment agency contract was inadmissible into evidence because there was a lack of proof *972 that the contract had been approved by the state. La.R.S. 23:111 B(3) provides that, “No employment service shall charge or accept a fee from an applicant unless in accordance with the terms of a written contract with the applicant, in a form approved by the assistant secretary.” (emphasis added). This statute, while prohibiting the enforcement of contracts not approved by the assistant secretary, does not mandate the exclusion of the contract from evidence. Mr. Bonfanti does not claim that he did not enter into the contract. The objection goes more to the weight to be given the evidence rather than the admissibility. Therefore, the trial judge was in error in not admitting the contract into evidence. However, this does not resolve the ultimate issue before the court.
Angel Employment argues that it is licensed by the state and that since it is licensed it must follow that the contract was approved, citing La.R.S. 23:104. However, Angel misses the point. Licensure does not in and of itself prove the validity of a contract. Proof of an approved contract must be by either oral evidence or documentary evidence, such as a certified copy of an approved contract. Neither was accomplished by Angel. The statutory scheme is clear, that absent an approved contract, there can be no recovery.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.